**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000005
16-MAR-2016
09:23 AM**

NO. CAAP-15-0000005

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO
BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS
SERVICING LP, Plaintiff-Appellee,
v.
GRISEL REYES-TOLEDO, Defendant-Appellant,
and
WAI KALOI AT MAKAKILO COMMUNITY ASSOCIATION,
MAKAKILO COMMUNITY ASSOCIATION, and PALEHUA
COMMUNITY ASSOCIATION, Defendants-Appellees
and
JOHN DOES 1-50, JANE DOES 1-50, DOE PARTNERSHIPS 1-50,
DOE CORPORATIONS 1-50, DOE ENTITIES 1-50, and
DOE GOVERNMENTAL UNITS 1-50, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-0668)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Leonard and Ginoza, JJ.)

Defendant/Counterclaimant/Appellant Grisel Reyes-Toledo (**Reyes-Toledo**) appeals from the Judgment entered on December 9, 2014 in the Circuit Court of the First Circuit[1] (**circuit court**).

On appeal, Reyes-Toledo contends the circuit court erred in:

(1) holding that Plaintiff/Counterclaim Defendant/ Appellee Bank of America, N.A. (**BANA**) had standing to bring the foreclosure action;

(2) its findings of fact (**FOFs**) numbers five, seven,

---

[1] The Honorable Bert I. Ayabe presided.

nine, ten, and fourteen;

(3) its conclusions of law (**COLs**) letters A, B, C, and E;

(4) granting summary judgment to BANA;

(5) dismissing Reyes-Toledo's counterclaim;

(6) denying Reyes-Toledo's motion for reconsideration and refusing to grant Reyes-Toledo's request for Hawai'i Rules of Civil Procedure (**HRCP**) Rule 54(b)[2] Certification; and

(7) conditioning the stay of the Judgment on a $643,000 bond instead of permitting Reyes-Toledo to use her home as the supersedeas bond.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Reyes-Toledo's appeal is without merit.

## A. Summary Judgment on BANA's Standing to Foreclose

On appeal, Reyes-Toledo argues that BANA lacked standing to foreclose on the mortgage because (1) there was an invalid assignment of her mortgage through Mortgage Electronic Registration Systems (**MERS**) to BANA; and (2) MERS lacked ownership of the mortgage because it was in trust.

---

[2] HRCP Rule 54(b) provides:

> **Rule 54.** JUDGMENT; COSTS; ATTORNEYS' FEES.
>
> . . . .
>
> **(b) Judgment upon multiple claims or involving multiple parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

### 1. MERS Assignment

Reyes-Toledo challenges BANA's standing to foreclose based on the assignment of her promissory note (**Note**) and mortgage (**Mortgage**) by MERS to BANA. Reyes-Toledo "argues that MERS was never the mortgagee but only an agent for the mortgagee which was Countrywide Home Loans, Inc. [(**Countrywide**)]. . . . [The] [M]ortgage does not give MERS the right to assign the [M]ortgage; it only supposedly had legal title to secure to the lender, [Countrywide], repayment of the loan."

We have previously held that similar arguments fail where they are "inconsistent with the plain language of the mortgage, which expressly establishes that MERS is the mortgagee under the security instrument and permits MERS to take action on the lender's behalf." Bank of New York Mellon v. Rumbawa, No. CAAP-15-0000024 at *3 (Haw. App. Feb. 4, 2016) (SDO); Wells Fargo Bank, N.A. v. Yamamoto, No. CAAP-11-0000728 at *1 (Haw. App. Dec. 11, 2012) (SDO).

In the Mortgage recorded in the bureau of conveyances on September 28, 2007, MERS is described as "a separate corporation that is acting solely as a nominee for [Countrywide] and [Countrywide's] successors and assigns. MERS is the mortgagee under this Security Instrument." The Mortgage specifies, "[Reyes-Toledo] does hereby mortgage, grant and convey to MERS (solely as nominee for [Countrywide] and [Countrywide's] successors and assigns) and to the successors and assigns of MERS, with power of sale, the [Property]." Additionally, the Mortgage states:

> [Reyes-Toledo] understands and agrees that MERS holds only legal title to the interests granted by [Reyes-Toledo] in this Security Instrument, but if necessary to comply with law or custom, MERS (as nominee for [Countrywide] and [Countrywide's] successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, releasing and canceling this Security Instrument.

We have held that promissory notes with nearly identical language have empowered MERS to take action, including assigning the loan. See Rubmawa, SDO at *3 ("[T]he plain language of the mortgage . . . expressly establishes that MERS is the mortgagee under the security instrument and permits MERS to take action on

3

the lender's behalf." (quoting Yamamoto, SDO at *1)). Reyes-Toledo's argument that MERS has no right to convey the Mortgage is without merit.

2. **Trust Documents**

Reyes-Toledo "argues that the transfers were void because the [N]ote and [M]ortgage were in trust and the trust maybe [sic] was dissolved; and, not only that, the purported transfers are based on forged documents. Therefore, the purported transfers are void."

"Typically, borrowers do not have standing to challenge the validity of an assignment of its loans because they are not parties to the agreement and because noncompliance with a trust's governing document is irrelevant to the assignee's standing to foreclose." U.S. Bank Nat. Ass'n v. Salvacion, 134 Hawai'i 170, 175, 338 P.3d 1185, 1190 (App. 2014); see U.S. Bank N.A. v. Mattos, CAAP-14-0001134, 2016 WL 562856 at *1 (Haw. App. Feb. 12, 2016) (pending publication). "Hawai'i courts may recognize exceptions when a challenge would deem the assignment void, not voidable." Salvacion, 134 Hawai'i at 175, 338 P.3d at 1190; see Mattos, 2016 WL 562856 at *1.

Reyes-Toledo fails to cite to the record or any evidence to support her assertion that the Note and Mortgage were in a trust that dissolved, or that the transfers were based on forged documents. Because Reyes-Toledo failed to demonstrate that the assignment of the Note and Mortgage was void, her argument is without merit.

3. **BANA Established its Entitlement to Enforce the Note and Mortgage**

Reyes-Toledo contends that summary judgment was improperly granted because "there is no evidence that [Reyes-Toledo's] [N]ote was transferred for value nor even a date of the transfer." Presumably, Reyes-Toledo means that this created a genuine issue of material fact as to whether BANA was entitled to enforce her Note.

"In order to enforce a note and mortgage under Hawaii law, a creditor must be 'a person entitled to enforce' the note. One person entitled to enforce an instrument is a 'holder' of the instrument. A 'holder' is the 'person in possession of a

4

negotiable instrument.'" In re Tyrell, 528 B.R. 790, 794 (Bankr. D. Haw. 2015) (citing Hawaii Revised Statutes **(HRS)** § 490:3-301 (2008 Repl.)[3] and HRS § 490:1-201 (2008 Repl.)[4]; see Mattos, 2016 WL 562856 at *2.

To establish its standing to foreclose upon the property, BANA attached to its motion for summary judgment **(MSJ)**, a "Declaration of Indebtedness" prepared by Katherine M. Egan **(Egan)**, an officer of BANA authorized to sign the declaration on behalf of BANA. In the declaration, Egan stated that BANA has possession of the Note, which had "been duly endorsed to blank" and that BANA "is the assignee of the security instrument for the referenced loan." Egan attached to the declaration a copy of the Note, which was endorsed in blank and therefore entitled BANA to enforce the Note under HRS § 490:3-205 (2008 Repl.).[5]

---

[3] HRS § 490:3-301 states:

> **§490:3-301 Person entitled to enforce instrument.**
> "Person entitled to enforce" an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to section 490:3-309 or 490:3-418(d). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

[4] HRS § 490:1-201 provides, in relevant part:

> **§490:1-201 General definitions.**
>
> . . . .
>
> "Holder" means:
>
> (1)  The person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession;
>
> (2)  The person in possession of a negotiable tangible document of title if the goods are deliverable either to bearer or to the order of the person in possession; or
>
> (3)  The person in control of a negotiable electronic document of title.

[5] HRS § 490:3-205 states, in pertinent part:

> **§ 490:3-205 Special indorsement; blank indorsement; anomalous indorsement.** (a) If an indorsement is made by the
> (continued...)

5

> This court has repeatedly held that under HRS § 490:3-205(b), "a trial court does not err in finding that a plaintiff is the holder of a note when the plaintiff bears the note, a blank endorsement establishes that the plaintiff is the holder of the note, and there is a declaration stating that the note is a true and accurate copy of the note in the plaintiff's possession."

JP Morgan Chase Bank, Nat'l Ass'n v. Young, No. CAAP-14-0000510 at *3 (Haw. App. Aug. 24, 2015) (SDO), cert. denied, SCWC-14-0000510 (Haw. Jan. 6, 2016) (quoting Wells Fargo Bank, N.A. v. Pasion, No. CAAP-12-0000657 at *3 (Haw. App. June 30, 2015) (SDO) cert. denied, SCWC-12-0000657 (Haw. Oct. 13, 2015)).

BANA provided evidence that it was in possession of the Note, the blank endorsement established that BANA was the "holder" of the Note, and Egan's declaration stated that the Note was a true and correct copy of the Note in BANA's possession. Therefore, BANA established that it had the authority to enforce the Note through the foreclosure process, and the circuit court did not err on these grounds in granting summary judgment in favor of BANA.[6]

### 4. Request for Continuance Under HRCP 56(f)

Reyes-Toledo contends that under HRCP Rule 56(f), she was entitled to a continuance to complete discovery. HRCP Rule 56(f) states:

---

[5](...continued)
> holder of an instrument, whether payable to an identified person or payable to bearer, and the indorsement identifies a person to whom it makes the instrument payable, it is a "special indorsement". When specially indorsed, an instrument becomes payable to the identified person and may be negotiated only by the indorsement of that person. . . .

> (b) If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a "blank indorsement". When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.

> (c) The holder may convert a blank indorsement that consists of only a signature into a special indorsement by writing, above the signature of the indorser, words identifying the person to whom the instrument is made payable.

[6] In her opening brief, Reyes-Toledo challenges a number of FOFs and COLs as points of error. Reyes-Toledo does not address these points of error directly in her argument, so we deem these points waived. See Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7) ("Points not argued may be deemed waived.").

Rule 56.   SUMMARY JUDGMENT.

. . . .

(f) **When affidavits are unavailable.**  Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

"The circuit court's decision to deny a request for continuance pursuant to HRCP Rule 56(f) shall not be reversed absent an abuse of discretion."  Assocs. Fin. Servs. Co. of Hawaii, Inc. v. Richardson, 99 Hawaiʻi 446, 454, 56 P.3d 748, 756 (App. 2002). Specifically,

[t]he request must demonstrate how postponement of a ruling on the motion will enable him or her, by discovery or other means, to rebut the movants' showing of absence of a genuine issue of fact.  An abuse of discretion occurs where the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

Id. (quoting Josue v. Isuzu Motors America, Inc., 87 Hawaiʻi 413, 416, 958 P.2d 535, 538 (1998)).

Reyes-Toledo argues that based on Richardson, the circuit court should have granted her request for continuance because she had demonstrated that postponement of the ruling would enable her to obtain discovery.  In her opposition to BANA's MSJ, however, Reyes-Toledo simply stated that she had "demonstrated how postponing the ruling would enable her to obtain the discovery contained in the request for admissions, interrogatories, and document requests[.]"  Like the defendant in Richardson, Reyes-Toledo has failed to "demonstrate how the requested continuance would enable [her] through obtained discovery to rebut [BANA's] showing of absence of a genuine issue of fact."  Richardson, 99 Hawaiʻi at 454, 56 P.3d at 756.

**B.   Counterclaim and Motion for Reconsideration**

Reyes-Toledo challenges the circuit court's dismissal of her counterclaim, the circuit court's denial of her motion for reconsideration, and the circuit court's refusal to grant her request for an HRCP Rule 54(b) certification.

7

Judgments in foreclosure cases are appealable under HRS § 667-51(a) (Supp. 2015).[7]  Judgments that do not fall within the scope of HRS § 667-51(a) are also appealable under HRS § 641-1(a) (Supp. 2015).[8]  HRS § 641-1(c) (1993) states that appeals "shall be taken in the manner . . . provided by the rules of court."  HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document."  The Hawai'i Supreme Court has held that "[a]n appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HCRP [Rule] 58[.]"  Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).  "Thus, based on Jenkins and HRCP

---

[7] HRS § 667-51(a) provides:

> §667-51 Appeals.  (a) Without limiting the class of orders not specified in section 641-1 from which appeals may also be taken, the following orders entered in a foreclosure case shall be final and appealable:
>
> (1)  A judgment entered on a decree of foreclosure, and if the judgment incorporates an order of sale or an adjudication of a movant's right to a deficiency judgment, or both, then the order of sale or the adjudication of liability for the deficiency judgment also shall be deemed final and appealable;
>
> (2)  A judgment entered on an order confirming the sale of the foreclosed property, if the circuit court expressly finds that no just reason for delay exists, and certifies the judgment as final pursuant to rule 54(b) of the Hawaii rules of civil procedure; and
>
> (3)  A deficiency judgment; provided that no appeal from a deficiency judgment shall raise issues relating to the judgment debtor's liability for the deficiency judgment (as opposed to the amount of the deficiency judgment), nor shall the appeal affect the finality of the transfer of title to the foreclosed property pursuant to the order confirming sale.

[8] HRS § 641-1(a) provides:

> §641-1  Appeals as of right or interlocutory, civil matters.  (a) Appeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts and the land court to the intermediate appellate court, subject to chapter 602.

8

Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.2d 1177, 1186 (2008); Bailey v. Duvauchelle, 135 Hawai'i 482, 489, 353 P.3d 1024, 1031 (2015).

We have jurisdiction over the appeal of the judgment on the decree of foreclosure as a final and appealable order under HRS § 667-51(a)(1). HRS § 667-51 does not grant this court with jurisdiction over Reyes-Toledo's counterclaim, her motion for reconsideration, or her motion for Rule 54(b) certification. The dismissal of the counterclaim, the denial of the motion for reconsideration, and refusal to grant the Rule 54(b) certification must be appealed pursuant to HRS § 641-1(a). A separate judgment was not entered on Reyes-Toledo's counterclaim, motion for reconsideration, or motion for Rule 54(b) certification, we therefore do not have jurisdiction pursuant to HRCP Rule 58 as explained in Jenkins.

## C. Supersedeas Bond

Reyes-Toledo does not argue on appeal that the circuit court abused its discretion in requiring her to post a $643,000 bond instead of allowing her home to act as supersedeas bond, but rather asks this court to stay the enforcement of the judgment.[9] This position is repetitive of the motion for stay Reyes-Toledo brought before this court on April 24, 2015 and we granted in part on May 8, 2015.

Because Reyes-Toledo makes no discernible argument beyond the issues already addressed by this court's May 8, 2015 order, the issues related to the supersedeas bond are waived. See HRAP Rule 28(b)(7) ("Points not argued may be deemed waived.").

Therefore,

IT IS HEREBY ORDERED that the Judgment entered on

---

[9] The circuit court's order on Reyes-Toledo's motion for stay pending appeal is not part of the record on appeal.

December 9, 2014 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, March 16, 2016.

On the briefs:

R. Steven Geshell
for Defendant-Appellant.

David B. Rosen
Zachary K. Kondo
David E. McAllister
Lloyd T. Workman
Justin S. Moyer
(Aldridge Pite)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

10